**U.S. Department of Justice**
Immigration and Naturalization Service
Administrative Center Laguna

ACLCAP

*24000 Avila Road*
*P.O. Box 30080*
*Laguna Niguel, CA 92607-0080*

January 31, 2003

Hill, Johnson & Schmutz
3319 North University Avenue, Suite 200
Provo, UT 84604

Dear Mr. Quesenberry:

I received your request of December 5, 2002 in which you readdress a letter sent to Mr. Steve Chang in the Immigration and Naturalization Service Seattle office on November 22,2002.

It is the Government's policy to try and resolve all **contractual issues** in controversy by mutual agreement at the contracting officer's level. The Federal Acquisition Regulation defines a claim as "a written demand or written assertion **by one of the contracting parties** seeking, as a matter of right, the payment of money in a sum certain, **the adjustment or interpretation contract terms**, or other relief **arising under or relating to the contract**. A claim arising under a contract, unlike a claim relating to that contract, is a claim that can be resolved under a contract clause that provides for the relief sought by the claimant." *[emphasis added where appropriate]*

This is not a claim arising under or relating to a contract. In fact, no contract ever existed for the performance of work. I cannot consider this a claim under The Contracts Disputes Act of 1978 as American Technology has no relief under an existing contract. As explained to your client, the circumstances surrounding the installation of surveillance equipment at Seattle airport is being reviewed by the Department of Justice Office of Internal Audit.

I do not have the authority to make any determination of facts in this matter or to authorize any payment to American Technology.

Sincerely,

Carol Amano
Contracting Officer