IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN TECH CORP., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1133C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiff, American Tech Corp. ("ATC"), defendant, the United States, admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits the allegation contained in the first sentence of paragraph 2. Admits the allegations contained in the second and third sentences of paragraph 2 that the Immigration and Naturalization Service ("INS") was part of the Department of Justice and that the Department of Homeland Security now performs some functions formerly performed by INS.

3. The allegation contained in paragraph 3 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

4. The allegation contained in paragraph 4 constitutes ATC's characterization of its case, to which no response is required;

to the extent it may be deemed an allegation of fact, it is denied.

5. The allegation contained in paragraph 5 constitutes ATC's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

6. The allegation contained in paragraph 6 constitutes ATC's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

7. Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Admits the allegations contained in the first and second sentences of paragraph 8 that ATC has performed work at the INS detention facility near the Seattle-Tacoma International Airport ("SEATEC"). Denies the remaining allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Admits the allegations contained in the first and second sentences of paragraph 9 that Steve Chang contaced Lee Wilson and requested estimates for a security system to be installed at Pier 66 in Seattle, Washington. Denies the allegations contained in the first and second sentences of paragraph 9 that Mr. Chang

requested estimates for a security system to be installed at SEATEC in August 2001. Denies the allegations contained in the third sentence of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the fourth sentence of paragraph 9 that Mr. Chang inquired regarding security systems that could record interactions between travelers and INS officers.

10. Admits the allegations contained in the first sentence of paragraph 10. Denies the allegation contained in the second sentence of paragraph 10 that ATC was able to design a cost effective and workable system for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the second sentence of paragraph 10 that ATC sent INS an initial estimate on August 27, 2001 to the extent supported by the document cited, which is the best evidence of its contents. Denies the allegations contained in the third sentence of paragraph 10.

11. Denies.

12. Admits.

13. Admits the allegations contained in the first sentence of paragraph 13 that Mr. Chang informed ATC that it could begin work on the Cruise Ship Terminal installation. Denies the allegations contained in the second and third sentence of paragraph 13 for

lack of knowledge or information sufficient to form a belief as to their truth.

14. Denies the allegations contained in the first sentence of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the remaining allegations contained in paragraph 14 to the extent supported by the referenced credit card slips, which are the best evidence of their contents.

15. Admits.

16. Admits the allegation contained in the first and second sentences of paragraph 16 that INS had obtained an estimate for the purchase of a Digital Video Recorder and that the amount of this estimate was $125,000. Denies the remaining allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Admits the allegation contained in the first and second sentences of paragraph 17 that Pat Boettcher and Bruce Bruner met with Mr. Wilson to discuss the installation of security equipment at the Peace Arch Port of Entry. Denies the remaining allegations contained in the first and second sentences of paragraph 17. Admits the allegations contained in the third sentence of paragraph 17 to the extent supported by the estimate cited, which is the best evidence of its contents.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Admits the allegation contained in the first sentence of paragraph 19 that Lee Wilson and Dale Wolf met with Mr. Chang in October 2001. Denies the remaining allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Admits the allegations contained in paragraph 21 to the extent supported by the attached credit card slips, which are the best evidence of their contents.

22. Admits the allegations contained in the first, second, third, and fourth sentences of paragraph 22 that Mr. Chang discussed the need for additional hard drive capacity at the Peace Arch installation with Mr. Wilson. Admits the allegations contained in the fifth and sixth sentences of paragraph 22 to the extent supported by the attached credit card slips, which are the best evidence of their contents.

23. Denies the allegations contained in the first and second sentences of paragraph 23. Denies the allegations contained in the third sentence of paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Admits the allegation contained in the first sentence of paragraph 24. Admits the allegations contained in the second sentence of paragraph 24 to the extent supported by the credit card slips attached to plaintiff's complaint, which are the best evidence of their contents.

25. Admits the allegations contained in the first sentence of paragraph 25 that Mr. Chang contacted ATC by telephone in January 2002. Denies the allegation contained in the first sentence of paragraph 25 that Mr. Chang inquired regarding ATC's progress at SEATEC. Denies the allegation contained in the second sentence of paragraph 25 that ATC began work at SEATEC in response to a request from Mr. Chang.

26. Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28. Admits the allegations contained in the first and second sentences of paragraph 28. Denies the allegations contained in the third sentence of paragraph 28. Admits the allegations contained in the fourth and fifth sentences of paragraph 28 that Al Deitering and ATC representatives discussed cameras and intercoms contained in INS detention cells.

29. Denies the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Denies the allegation contained in the first sentence of paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second, third, fourth, and fifth sentences of paragraph 30 to the extent supported by the documents cited, which are the best evidence of their contents.

31. Admits the allegation contained in the first sentence of paragraph 31 that ATC representatives spoke with Mr. Dietering regarding work being performed at SEATEC. Denies the remaining allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. Denies the allegations contained in the first sentence of paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 32. Denies the allegations contained in the third sentence of paragraph 32.

33. Denies the allegations contained in the first sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 33 to the extent supported by the documents cited, which are the best evidence of their contents.

34. Admits the allegations contained in paragraph 34 to the extent supported by the letter and invoices cited, which are the best evidence of their contents.

35. Admits the allegations contained in the first sentence of paragraph 35 to the extent supported by the invoices cited, which are the best evidence of their contents. Denies the allegations contained in the second sentence of paragraph 35.

36. Denies the allegation contained in the first sentence of paragraph 36 that ATC began work at SEATEC pursuant to an agreement with INS. Denies the allegations contained in the second and third sentences of paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37. Denies.

38. Denies.

39. Admits the allegations contained in paragraph 39 to the extent supported by the specification sheets cited, which are the best evidence of their contents.

40. Admits to the allegation contained in paragraph 40 to the extent supported by the invoices cited, which are the best evidence of their contents.

41. Admits the allegation contained in the first sentence of paragraph 41 that Ed Bleck and Richard Springs met with ATC representatives in August 2002. Denies the allegations contained in the second and third sentences of paragraph 41 for lack of

knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the fourth sentence of paragraph 41 to the extent supported by the letter cited, which is the best evidence of its contents.

42. Admits the allegation contained in the first sentence of paragraph 42 that Rosemarie Mendoza contacted ATC in September 2003. Denies the allegations contained in the second and third sentences of paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth.

43. Admits the allegations contained in the first and third sentences of paragraph 43 that Mr. Martinez spoke with Mr. Wilson regarding the fact that work at SEATEC was not approved by INS. Denies the allegations contained in the second sentence of paragraph 43 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the fourth sentence of paragraph 43 that Mr. Martinez informed Mr. Wilson that he knew of no reason why defendant would not pay plaintiff for work that was completed. Denies the remaining allegations of paragraph 43.

44. Denies the allegations contained in paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth.

45. Admits the allegations contained in paragraph 43 that Al Barclay told ATC that it should not continue work at SEATEC until approval was obtained and that he knew of no reason why defendant

would not pay plaintiff for work it had completed. Denies the remaining allegations of paragraph 45.

46. Denies the allegations contained in the first, second, and third sentences of paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the fourth sentence of paragraph 46 to the extent supported by the invoices cited, which are the best evidence of their contents. Denies the allegations contained in the fifth and sixth sentences of paragraph 46.

47. Denies the allegations contained in the first sentence of paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the second sentence of paragraph 47 that INS assigned Carol Amano to conduct fact finding regarding ATC's claims.

48. Admits the allegations contained in paragraph 48 that Mr. Wilson met with Ms. Amano and provided her with documents, including a chronology. Denies the remaining allegations contained in paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth.

49. Denies the allegation contained in the first sentence of paragraph 49. Admits the allegation contained in the second sentence of paragraph 49 to the extent supported by the written claim cited, which is the best evidence of its contents.

50. Admits the allegations contained in paragraph 50 to the extent supported by the letter cited, which is the best evidence of its contents.

51. Admits the allegations contained in the first, second, and third sentences of paragraph 51. Admits the allegation contained in the fourth sentence of paragraph 51 that Joe Fahey interviewed Mr. Chang.

52. Denies the allegations contained in the first sentence of paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the second sentence of paragraph 52 that INS has not paid ATC for certain work ATC performed at SEATEC.

53. Admits the allegations contained in the first sentence of paragraph 53 to the extent supported by the request cited, which is the best evidence of its contents. Denies the allegations contained in the second sentence of paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth.

54. Admits.

55. Denies the allegation contained in paragraph 55 that ATC based its decision to submit a claim upon the recommendation of Bureau of Immigration and Customs Enforcement officials for lack of knowledge or information sufficient to form a belief as to its truth. Admits the remaining allegations contained in paragraph

55 to the extent supported by the claim form cited, which is the best evidence of its contents.

56. Admits the allegations contained in paragraph 56 to the extent supported by the letter cited, which is the best evidence of its contents.

57. Denies.

58. Defendant repeats and incorporates its responses to paragraphs 1 through 57.

59. Denies.

60. Denies.

61. Denies.

62. Denies.

63. Denies.

64. Denies.

65. Defendant repeats and incorporates its responses to paragraphs 1 through 64.

66. The allegations contained in paragraph 66 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

67. Denies.

68. Denies.

69. Defendant repeats and incorporates its responses to paragraphs 1 through 68.

70. Denies.

71. Denies.

72. Denies that plaintiff is entitled to the relief set forth, or to any relief whatsoever.

73. Denies each and every allegation not previously admitted or otherwise denied.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ MARK A. MELNICK
MARK A. MELNICK
Assistant Director

s/ PAUL R. WELLONS
PAUL R. WELLONS
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele.: (202) 616-8253
Fax: (202) 307-0972

May 11, 2005 Attorneys for Respondent

CERTIFICATE OF FILING

I hereby certify that on May 11, 2005, a copy of the foregoing "Defendant's Answer" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PAUL R. WELLONS