IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN TECH CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1133C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), counsel for plaintiff, American Tech Corp., and defendant, the United States, submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff states that the Court possesses jurisdiction to entertain this action pursuant to 28 U.S.C. § 1491. Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties agree that trial of liability and damages should not be bifurcated.

d. <u>Deferral</u>

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. <u>Remand/Suspension</u>

The parties agree that no remand or suspension will be sought.

f. <u>Joinder</u>

Plaintiff does not anticipate amending the complaint to add additional plaintiffs or defendants.

g. <u>Dispositive Motions</u>

The parties will evaluate whether dispositive motions are appropriate at or prior to the conclusion of discovery.

h. <u>Relevant Issues</u>

1. Whether a valid contract exists between plaintiff and defendant pursuant to which plaintiff supplied and installed security surveillance equipment at U.S. Immigration and Naturalization Service facilities.

2. If a valid contract existed, whether defendant breached the contract by failing to reimburse plaintiff for the supply and installation of security surveillance equipment.

3. Whether defendant’s receipt of the security surveillance equipment at issue constitutes a taking.

4. Whether defendant breached any duty of good faith and fair dealing in its relationship with plaintiff.

5. In the event plaintiff prevails upon the issue of liability, the amount of damages, if any, to which plaintiff is entitled.

6. In the event plaintiff prevails upon the issue of liability, whether plaintiff is entitled to attorneys' fees pursuant to 28 U.S.C. § 2412.

i. Settlement

Counsel for both parties continue to work together to determine whether the parties might be able to resolve this dispute amicably.

j. Trial

If the parties are unable to settle this case and do not identify any basis for dispositive motions, they anticipate proceeding to trial. The parties do not request expedited trial scheduling.

k. Electronic Case Management

The parties have no special issue regarding electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

The parties plan to conduct discovery simultaneously, and propose the following discovery plan in accordance with RCFC Appendix A ¶ 5:

1. Pursuant to RCFC 26(a)(1), initial disclosures shall be made by July 13, 2005.

2. Fact discovery shall commence immediately upon all issues, and shall be completed by January 10, 2006.

3. At this time, it is not anticipated that the parties will require expert discovery. In the event that either party decides to rely upon expert opinion, the parties shall comply with the requirements of RCFC 26(a)(2).

Respectfully submitted,

s/ ANN MARIE BENDER
ANN MARIE BENDER
Smith & Hennessey
316 Occidental Avenue South
Suite 500
Seattle, WA 98104
Tel: (206) 292-1770
Fax: (206) 292-1790

Attorney for plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ MARK A. MELNICK
MARK A. MELNICK
Assistant Director

s/ PAUL R. WELLONS
PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 616-8253
Fax: (202) 307-0972

June 29, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on June 29, 2005, a copy of the foregoing “JOINT PRELIMINARY STATUS REPORT” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PAUL R. WELLONS